*John F. Lyndon,* for appellee.

## 63478. BRADSHAW v. THE STATE.

POPE, Judge.

Billy Ray Bradshaw was convicted of motor vehicle theft, arson in the second degree and burglary. He was sentenced as a recidivist and brings this appeal following the denial of his motion for new trial. *Held:*

1. The record shows that appellant and several members of his family were the subjects of a warrantless "mass arrest" conducted by the Laurens County Sheriff's Department. Appellant moved the trial court to suppress ". . . all evidence obtained from [him] or from parties arrested with [him] . . . due to [their] illegal arrests and . . . [their] being detained on illegal warrants . . ." The trial court granted the motion as to evidence obtained from appellant but denied it as to evidence obtained from the others. Appellant enumerates this ruling as error, contending that he had standing to object to evidence admitted against him which was derived from the illegal arrests of the others. This contention is without merit. The sanction for an illegal arrest is exclusion of the evidence obtained as a result of that arrest. *Lackey v. State,* 246 Ga. 331 (2) (271 SE2d 478) (1980); Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963). However, the exclusionary rule may be invoked only by those whose rights are infringed by the arrest itself and not by those who are merely aggrieved by the introduction of evidence so obtained. United States v. Payner, 447 U. S. 727 (100 SC 2439, 65 LE2d 468) (1980); Alderman v. United States, 394 U. S. 165 (89 SC 961, 22 LE2d 176) (1969); see *Gilbert v. State,* 159 Ga. App. 326 (1) (283 SE2d 361) (1981).

2. During a break in the trial, a deputy sheriff asked one Rogers, a state's witness, whether Rogers would like to review again a written statement Rogers had made. Citing the sequestration rule of Code Ann. § 38-1703, appellant objected to the admissibility of Rogers' testimony and then moved for a mistrial after the testimony had been admitted.

"The court shall take proper care to administer the law of sequestration, so far as is practicable and convenient. Any mere irregularity shall not exclude the witness . . . The particular circumstances of each case shall control, under the discretion of the court." *Stuart v. State,* 123 Ga. App. 311, 312 (180 SE2d 581) (1971). In our view, the trial court did not abuse its discretion in the case at bar. See *Blanchard v. State,* 247 Ga. 415 (1) (276 SE2d 593) (1981).

Compare *Rozier v. State,* 124 Ga. App. 481 (2) (184 SE2d 203) (1971), wherein this court granted a new trial in part because there had been a conference between certain witnesses who had already testified, two witnesses who had not yet testified and the district attorney, at which conference testimony that had already been delivered was discussed.

3. The transcript shows that state's witness Rogers was unable to remember much of what had transpired on the night the subject crimes were alleged to have occurred. However, shortly after the night in question Rogers gave a statement to a deputy sheriff who reduced it to writing. The statement was admitted into evidence, read into the record, but not sent out with the jury. Appellant objected to the admission of this statement into evidence.

"A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, *or shall be willing to swear positively from the paper.*" (Emphasis supplied.) Code Ann. § 38-1707. The district attorney questioned Rogers as follows: "Q. Mr. Rogers, did you have an opportunity to read that statement? A. Yes sir. Q. Do you recall the events . . . as they are in that statement? A. No sir. Q. Was that statement true at the time that you made it? A. Yes sir. Q. Was it accurately reported when you made it? A. Yes sir. Q. And did you sign it at the time it was made? A. Yes sir. Q. That is the statement that you made? A. Yes sir."

"[I]n order to testify positively from the paper itself, he [the witness] must either have made the paper himself, or if not so made, at some time when the facts were fresh in his memory, he must have known the facts stated in the paper to be correct." *Smith v. City of Atlanta,* 22 Ga. App. 511, 512 (96 SE 334) (1918). Here the witness did testify that the facts contained in the statement were made at a time when the facts were fresher and he knew the facts were correct. See *Cobb v. State,* 222 Ga. 733 (6) (152 SE2d 403) (1966), revd. on other grounds, Cobb v. Georgia, 389 U.S. 12 (1967); *Harris v. State,* 191 Ga. 243 (10) (12 SE2d 64) (1940). However, the *witness* did not read the statement into the record and swear positively from the paper. The statement was read into the record by the district attorney, a practice we do not condone, as the statement may well be lent veracity by this action. Nevertheless, Rogers gave testimony, prior to the reading of his statement, which sufficiently identified appellant and connected him with the subject motor vehicle. Additionally, the testimony of appellant's brother furnished ample evidence of the same facts as contained in Rogers' statement. Therefore, any error in admitting Rogers' statement into evidence was harmless. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

4. Appellant argues that the trial court erred in allowing the

state to impeach its own witness, Rogers. However, that portion of the record cited in support of this argument reveals merely the state's laying the foundation for the admission into evidence of Rogers' statement as a past recollection recorded pursuant to Code Ann. § 38-1707. Accordingly, this argument has no merit.

5. Appellant cites as error the introduction into evidence of the testimony of appellant's brother, which had been given earlier as part of the evidence in a hearing to revoke appellant's probation. Appellant raised two grounds in support of this enumeration: (a) he was not furnished the name of his brother as a potential witness pursuant to Code Ann. § 27-1403, and (b) the testimony should have been suppressed because of the illegal arrests.

(a) The record shows that a supplemental witness list naming appellant's brother was mailed to appellant's counsel on February 6, 1981, three days prior to the trial of this case. Appellant's counsel stated that he did not receive the supplemental list. However, upon taking the stand appellant's brother invoked his Fifth Amendment right against self-incrimination. The trial court then permitted the brother's testimony at the probation revocation hearing to be read into the record of this case. *Park v. State,* 225 Ga. 618 (5) (170 SE2d 687) (1969), vacated on other grounds, 229 Ga. 731 (1972); see *Lee v. State,* 239 Ga. 769 (6) (238 SE2d 852) (1977). This testimony showed that the brother had been indicted for the subject crimes along with appellant and that he had agreed to testify for the state in exchange for a probated sentence. The testimony included a thorough and sifting cross-examination by appellant's counsel. "Since the purpose of Code Ann. § 27-1403 is to 'insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had the opportunity to interview prior to trial,' (*Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30) (1974)), the [appellant] in this case cannot maintain that he has been surprised or unable to interview [his brother] through lack of knowledge of the witness." *Lingerfelt v. State,* 238 Ga. 355, 358 (233 SE2d 356) (1977).

(b) As noted in Division 1 of this opinion, appellant had no standing to object to evidence admitted against him which was derived from the allegedly illegal arrests of others. We find no reversible error in the handling of this matter by the trial court.

6. Since the evidence presented at trial did not demand a verdict of acquittal, the trial court did not err in denying appellant's motion for directed verdict. Code Ann. § 27-1802.

7. Appellant was indicted for the theft and arson of a 1976 Ford Chatau van bearing Serial No. E23AHB92829 "being the property of Bill W. Cutler, Jr." Although Mr. Cutler testified that it was his "personal" van, the record shows that the title for the subject vehicle

listed as the owner Bill Cutler Mobile Homes Sales Company, Inc. This, however, was not a *fatal* variance between the allegations in the indictment and the proof presented at trial. *Gomez v. State,* 234 Ga. 614 (216 SE2d 844) (1975); *Givens v. State,* 149 Ga. App. 83 (253 SE2d 447) (1979).

8. Appellant also cites as error the trial court's refusal to instruct the jury to the effect that a certificate of title is the highest and best evidence of ownership of a vehicle. However, such a charge would have been an incorrect statement of the law, *Hightower v. Berlin,* 129 Ga. App. 246 (5) (199 SE2d 335) (1973), and was properly refused by the trial court.

9. Appellant finally contends that he was improperly sentenced as a recidivist. He argues that the trial court failed to treat two indictments, to which he had pled guilty, as having been consolidated for trial so as to constitute but one conviction for recidivist purposes. See Code Ann. § 27-2511. The record discloses that although the sentencing orders on these indictments bore the same date, a separate sentencing order was entered on each of the subject indictments. No mention was made in either order to the other. The trial court determined that each order was separate and distinct and that there was no consolidation for trial within the meaning of Code Ann. § 27-2511. We find no error in this ruling. *Frazier v. State,* 155 Ga. App. 683 (2) (272 SE2d 548) (1980).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 29, 1982.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.