72487. SHACKELFORD v. THE STATE.
(347 SE2d 346)

BIRDSONG, Presiding Judge.

The defendant, Randolph Shackelford, was indicted for the offense of robbery and two counts of aggravated assault. Although he entered a plea of not guilty, the jury found him guilty of the robbery and the lesser included offenses of simple assault in the remaining two counts.

Carolyn Ramsey withdrew $50 in cash from the automated teller at the C&S Bank on Moreland Avenue at Little Five Points in DeKalb County late in the afternoon of July 15, 1985. After she withdrew the cash, a nearby man grabbed her wrist and attempted to take her money. She refused to let go and the man bit her on the arm. After she saw the blood, she released the money and the man fled. James Paramore, a meter reader for Georgia Power Company, saw a

man running down an alleyway and then saw Ms. Ramsey who said she had been robbed. He began the chase of the robber and was joined by Johnny Curtis, a guard at C&S. The robber had a large head start but a passing motorist saw the pursuing posse and gave them a lift to the vicinity of the fleeing man. When Paramore attempted to stop Shackelford, the defendant picked up a brick and threatened him with it. Curtis drew his revolver and Shackelford fled again. Curtis said he yelled "halt" and fired his revolver in the air, but Shackelford only ran faster. After several miles, Paramore again caught up to Shackelford and this time was threatened with a large metal pole. Paramore asked the assistance of several men working on a nearby house and all of the men surrounded Shackelford. After Curtis arrived, all of the men physically restrained Shackelford until the police came. Shackelford was identified as the robber by Ms. Ramsey, Paramore, Curtis and other bystanders. The defendant brings this appeal. *Held*:

The defendant enumerates as error the denial of his motion for a directed verdict of the two counts of "aggravated assault." The basis for the motion is a claimed difference between the allegata et probata, in that Paramore was named in the indictments as "Jack" when in fact his name was "James."

Defendant cites, in support of his motion, *Irwin v. State*, 117 Ga. 722 (45 SE 59), in which the Supreme Court held that for the protection of an accused it was necessary for an indictment to refer to the correct name of the man against whom the alleged offense was committed. Of course in the instant case, there is a variance between the state's allegata and its probata, but not every variance is fatal. "The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused." *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314). "Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." *Russell v. United States*, 369 U. S. 749, 763 (82 SC 1038, 8 LE2d 240). Hence, in *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801), our Supreme Court adopted the holding of *Berger*, supra, that the reason the general rule that "allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense." Further, in *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576), the Supreme Court found that the Court of Appeals had been applying the test approved in *DePalma* too restrictively and reversed or refused to follow several cases of this court.

We returned to the *DePalma* rule in *Butler v. State*, 170 Ga. App. 257, 258 (316 SE2d 841), by finding that "[a] variance is not fatal if the accused is definitely informed as to the charges against him and is protected against another prosecution for the same offense · . . . [for] [t]he present trend of case law is away from the overly technical application of the fatal variance rule. [Cit.]" Accord *Maxey v. State*, 159 Ga. App. 503, 504 (284 SE2d 23).

Accordingly, applying the tests cited above, we find no fatal variance between the indictment and the proof, as the defendant was informed of the charges against him, was not surprised by the evidence and is protected against another prosecution for the same offense. See *Conklin v. State*, 254 Ga. 558, 563 (331 SE2d 532); *Jones v. State*, 147 Ga. App. 779 (3) (250 SE2d 500); *Dobbs*, supra. The trial court did not err in denying defendant's motions for a directed verdict of acquittal.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED JULY 2, 1986.

*William S. Puckett, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Barbara Conroy, Greg Futch, Assistant District Attorneys*, for appellee.