## 72870. THE STATE v. REZVANI.
### (352 SE2d 197)

BANKE, Chief Judge.

The appellee, Rezvani, was indicted for trafficking in cocaine.

The state filed this appeal from the grant of his motion to suppress as evidence the cocaine on which the prosecution was based.

On November 11, 1985, Officer Terrell Toles, who was employed both as a DeKalb County Police Department narcotics detective and as a DeKalb County deputy sheriff, was assigned to the Drug Enforcement Administration Task Force at Hartsfield International Airport for the purpose of interdicting illegal drug activity. Hartsfield Airport is situated in Clayton County. Officer Toles saw Rezvani deplane from a flight arriving from Fort Lauderdale, Florida, and observed that he had no baggage claim receipts attached to his ticket and that there was an "unnatural bulge" in the crotch of his pants. Toles thus followed Rezvani to another gate area, where he evidently intended to board a connecting flight.

As Rezvani was awaiting his connecting flight, Toles approached him, displayed his police credentials, and asked to speak with him. At the officer's request, Rezvani produced his airline ticket and driver's license, which the officer retained only briefly and then returned to him. Toles revealed to Rezvani that he was a narcotics agent looking for smuggled drugs, told him the bulge in his pants had aroused his suspicion, and asked him to consent to a search of his person and his bag. According to Toles, Rezvani was advised both of his right to "refuse to allow" a search of and of his concomitant right to an attorney but nevertheless agreed to the search, which resulted in the seizure of an object containing cocaine from his pants. Rezvani was then arrested and charged with trafficking in cocaine.

The trial judge concluded that the search was consensual but nevertheless granted the motion to suppress, based on the conclusion that Toles, as a DeKalb police officer, had no authority to make an arrest in Clayton County. *Held*:

Since the arrest in the present case was based on the search rather than vice versa, the issue of whether the arrest was lawful is not determinative of the legality of the search. Rather, the issue is whether Rezvani's consent was lawfully obtained. We find ample support in the record for the trial court's determination that Rezvani consented to the search freely and voluntarily and not as a result of coercion, duress, or deceit. See generally *Smith v. State*, 165 Ga. App. 333 (2) (299 SE2d 891) (1983).

Such determinations are to be made from the totality of the circumstances under which the consent is given. *Schneckloth v. Bustamonte*, 412 U. S. 218, 227 (93 SC 2041, 36 LE2d 854) (1973). Clearly, in displaying his credentials, Toles did not fraudulently misrepresent his authority as a police officer, nor is there any indication that he retained Rezvani's airline ticket and identification long enough to leave him with the reasonable impression that he was not free to go. Moreover, Toles testified that Rezvani acknowledged un-

derstanding his rights after being advised that he was not required to submit to a search. Thus, the record fails to demonstrate that Rezvani's consent was the product of either coercive or deceitful law enforcement practices. See *Scott v. State*, 253 Ga. 147 (317 SE2d 830) (1984). The fact that Toles may not have been sworn as a Clayton County deputy sheriff does not, under these circumstances, have any bearing on the legality of the search. Cf. *State v. Giangregorio*, 181 Ga. App. 324 (352 SE2d 193) (1986). It follows that the trial court erred in granting the motion to suppress.

*Judgment reversed. Birdsong, P. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED DECEMBER 3, 1986 —
REHEARING DENIED DECEMBER 16, 1986 —

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellant.
*Steven E. Lister,* for appellee.