## 75852. PARTRIDGE v. THE STATE.
(370 SE2d 173)

BEASLEY, Judge.

Defendant appeals his convictions for trafficking in cocaine, OCGA § 16-13-31 (a) (1), and possession of marijuana, OCGA § 16-13-30. His enumerations of error are that the court erred: 1) in denying his motion to suppress evidence; 2) in denying his motion to strike a juror for cause; 3) in denying his motion for directed verdict of acquittal because the State failed to prove that he possessed more than 400 grams of cocaine; 4) in refusing to charge the jury regarding possession of cocaine, a lesser included offense of trafficking; 5) in instructing the jury on constructive possession when the indictment alleged "actual possession." We consider these assignments of error seriatim.

1. In view of the testimony that defendant was driving in excess of the speed limit, the stop of his vehicle was justified and the contention that it was pretextual fails. *Coop v. State*, 186 Ga. App. 578 (367

SE2d 836) (1988); *Eisenberger v. State,* 177 Ga. App. 673, 674 (2) (340 SE2d 232) (1986).

The search of the car defendant was driving was accomplished after a lawful stop for a traffic violation and pursuant to defendant's written consent. Whether the consent was freely and voluntarily given, and not the result of coercion, duress or deceit, depends on the totality of the circumstances. *Schneckloth v. Bustamonte,* 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *State v. Rezvani,* 181 Ga. App. 328, 329 (352 SE2d 197) (1986). The evidence showed that after defendant was stopped and found to be without a driver's license, he followed the trooper to the sheriff's office in order to post a cash bond. While that process was taking place, the trooper, whose suspicions were aroused, requested information from the El Paso Intelligence Center via the GBI. He also decided to seek the defendant's consent to search and when defendant was about to leave after posting bond, the trooper asked him for permission and to sign a written permission. Defendant complied.

Under these circumstances, defendant failed to show the consent was illegally obtained. *Noland v. State,* 178 Ga. App. 486, 488 (2) (343 SE2d 763) (1986); *Smith v. State,* 165 Ga. App. 333, 334 (2) (299 SE2d 891) (1983).

2. During the voir dire when questioned about prejudice or bias either for or against defendant, one prospective juror indicated that she "definitely had an opinion" about people who do drugs. When questioned further about whether she could give defendant a fair trial, she answered: "I don't know." According to the transcript, the prospective juror responded "I guess" when asked if she would base her verdict on the evidence and the charge of the court. Defendant urges that this was insufficient to permit her to qualify as a juror over his objection. However, defense counsel, when arguing before the trial court, admitted that when the court asked for clarification of her response to the question if she would base her verdict on the evidence and the charge of court, the juror said "yes" and "shook her head 'yes.'" No reversible error was shown. *Roberts v. State,* 252 Ga. 227, 237 (10) (h) (314 SE2d 83) (1984); *Westbrook v. State,* 242 Ga. 151, 154 (3) (249 SE2d 524) (1978).

3. Defendant was indicted for being "knowingly in actual possession of mor [sic] than 400 grams of cocaine, a schedule two controlled substance, and a mixture with a purity of mor [sic] than 10 percent of cocaine." The evidence showed the total mass of the substance to be 450 grams, of which 71 percent or 319 grams was pure cocaine.

Defendant urges there was a fatal variance between the allegata and the probata because the indictment alleged more than 400 grams of cocaine and evidence showed only 319 grams of pure cocaine. He supports the argument with the principle that "when an element de-

scriptive of the offense is alleged with greater particularity than is required, this element must be proved as alleged. [Cit.]" *Ewing v. State,* 169 Ga. App. 680, 681 (314 SE2d 695) (1984).

We do not agree that the evidence did not sustain an essential allegation of the indictment. Based on *DePalma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801) (1969), our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. " 'The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to "affect the substantial rights" of the accused.' " *Shackelford v. State,* 179 Ga. App. 595, 596 (347 SE2d 346) (1986), quoting from *Berger v. United States,* 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935). That decision emphasized that it is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. *DePalma* adopted the holding in the *Berger* case.

The code section requires possession of only "28 grams or more of cocaine or of any mixture with a purity of ten percent or more of cocaine" to be guilty of trafficking. OCGA § 16-13-31 (a) (1). Larger amounts by specified increment affect only the punishment. This is similar to theft, where punishment is controlled by the value of goods stolen. *Mack v. Ricketts,* 236 Ga. 86, 87 (222 SE2d 337) (1976). Value is thus not an element of the crime of theft but relates to sentencing. *Stancell v. State,* 146 Ga. App. 773 (2) (247 SE2d 587) (1978). Similarly, trafficking in cocaine requires only that the threshold amount be shown, after which the quantity possessed bears only on punishment.

The indictment, in effect, charged defendant with violating the code section by way of possession as the key element, in the statutory language. The evidence showed a mixture of more than 400 grams with a purity of more than ten percent cocaine. This not only meets the standards for a finding of trafficking as described in OCGA § 16-13-31 (a) (1) but falls within the punishment provisions of OCGA § 16-13-31 (a) (1) (C).

Since the amount shown would still show a violation of law, even if it did not meet the increment charged there would not be a material variance under the *Berger-DePalma* rule and their progeny. See *Dobbs v. State,* 235 Ga. 800, 802 (3) (221 SE2d 576) (1976). For cases prior to *DePalma* when normally stricter standards were enforced regarding fatal variance, see *Renfroe v. State,* 54 Ga. App. 215 (1) (187 SE 623) (1936) [variation between allegation and proof as to quantity of illegal drugs sold was immaterial and did not render verdict con-

trary to law], and *Warren v. State,* 12 Ga. App. 695 (3) (78 SE 202) (1913) [variation in indictment and subsequent proof as to value of goods stolen immaterial].

4. At the close of the charge defense counsel objected to the form of the jury verdict for not including a possible finding that defendant could be guilty of possession of cocaine. On the day of the trial, defendant filed a request that the "jury be charged with the substance of OCGA § 16-13-30 and § 16-13-31." However, the record is not clear that this particular request was submitted to the trial judge prior to the close of the evidence as required by OCGA § 5-5-24 (b). In the absence of a timely, written request the failure to charge on a lesser included offense is not error. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976).

Even if the request were considered timely, by seeking an instruction on two entire code sections it necessarily included much matter not adjusted to the issues of the case. For this reason also it was not error to fail to give such instructions. *Kessel v. State,* 236 Ga. 373, 374 (2) (223 SE2d 811) (1976).

5. The defendant objected to the court's instructing the jury "that the law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person, who though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, is then in constructive possession of it." Defendant contends that, because the indictment charged that he was "knowingly in actual possession" of cocaine, which is an element of the charged portion of OCGA § 16-13-31 (a) (1), the jury would not be authorized to convict of trafficking upon a finding of only constructive possession. Therefore, he argues that proof of constructive possession as defined by *Anderson v. State,* 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983), would not be sufficient and it was error to so charge.

The court charged, immediately after instructing the jury as quoted above, that the statute specified *actual* possession as to the cocaine count and another statute specified possession or control as to the marijuana count. Since the two counts properly charged different types of possession as to each crime, and since there is a legal as opposed to an ordinary usage meaning for the term "actual possession," the court did not err in defining the terms and describing the distinction. *Dalton v. State,* 249 Ga. 720, 721 (2) (292 SE2d 834) (1982), recognized that the difference between actual and constructive possession " ' "is most assuredly one of degree" and the terms "often so shade into one another that it is difficult to say where one ends and the other begins." ' "

The court's care in assuring that the jury understood what was

meant by "actual possession" as it related to the cocaine count, by stating the difference between it and the broader bounds of constructive possession, protected defendant from an erroneous interpretation of the legal term "actual possession." The court did not misstate the law, as the Supreme Court held the trial court did in *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). The only drug offense Lockwood was charged with was trafficking in cocaine, and the trial court instructed the jury in almost identical language to that quoted above but also contained the additional admonition that "[y]ou would be authorized to convict if you should find beyond a reasonable doubt that the defendant had actual or constructive possession either alone or jointly with others." In the instant case the court's instructions, taken together and in light of the multiple counts, did not permit the jury to convict defendant of trafficking in cocaine upon a finding of merely constructive possession.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 12, 1988 —
REHEARING DENIED JUNE 1, 1988 — 

*J. Lane Bearden*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.