## 77504. GINJAUMA v. THE STATE.
(378 SE2d 161)

POPE, Judge.

Defendant Jesus Ginjauma was convicted of trafficking in cocaine in violation of the Georgia Controlled Substances Act. Co-defendant Norma Cubas was found not guilty of the same charge. On appeal defendant contends the trial court erred in charging the jury on both actual and constructive possession inasmuch as the indictment charged he was "knowingly [in] actual possession of cocaine in an

amount greater than 28 grams. . . ."[1] See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). The record reveals, however, that immediately after defining and distinguishing the two types of possession, the court charged the jury that they would be authorized to convict the defendants of the crime charged only "if you believe beyond a reasonable doubt that these defendants, or either of them, knowingly and were in actual possession of 28 grams or more of cocaine.·. . ." (Emphasis supplied.) Thus, contrary to defendant's assertion, the trial court did not misstate the law, as the Supreme Court held in *Lockwood*, and the trial court's charge provides no basis for reversal. *Partridge v. State*, 187 Ga. App. 325 (5) (370 SE2d 173) (1988); *Raines v. State*, 186 Ga. App. 239 (4 b) (366 SE2d 841) (1988).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED JANUARY 24, 1989.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Marcus R. Morris,* for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney,* for appellee.

---

[1] At the time defendant was indicted in the case at bar actual possession was required in order to authorize a conviction pursuant to OCGA § 16-13-31. That statute has since been amended and the word "actual" preceding possession has been deleted. Ga. L. 1988, p. 420, § 2.