A89A0414. CASSIE v. THE STATE.
A89A0640. PARAGUE v. THE STATE.
(385 SE2d 129)

POPE, Judge.

Richard Parague, Cargill Charles Cassie and Walter Randall were tried jointly for the offense of trafficking in cocaine, possession of cocaine with intent to distribute, and use of a communication facility in committing a felony. (OCGA § 16-13-32.3.) Parague and Randall were also charged with possession of a firearm during the commission of a felony. Parague and Randall were convicted on all counts; Cassie was convicted only on the trafficking count. Parague and Cassie now appeal.

Acting on an informant's tip, the Douglas County Sheriff's Department arranged a drug buy on March 31, 1987. The informer called a beeper number and received a telephone call back from "Wally," later identified as defendant Randall. They made arrangements to meet at a local restaurant parking lot. The informer then drove to the designated spot under the surveillance of police and wearing a hidden listening device. While waiting, the informer made other calls to "Wally's" beeper number and received callbacks. The informer was told to watch for a red van with three men in it. When

the maroon van arrived, defendant got out and got into the informer's car where the sale was completed. Officers then moved in and arrested Randall. As Deputy Sheriff Adams approached the informant's car, he noticed that Parague had seen him and that Parague began turning in his seat to reach for something. Fearing a weapon, Adams warned Sheriff Lee by radio. Lee testified that he also saw Parague turn and reach down to the rear of his seat. Lee opened the passenger door and identified himself. Lee testified that Parague said "Is this a drug bust? Did that man have cocaine?" Each of the men was wearing a beeper although Cassie's was inoperable. In the van, just behind and to the left of the passenger seat where Parague sat and at the feet of the seat occupied by Cassie, authorities found a cup turned upside down containing 19.2 grams of cocaine. The cocaine sold to the informer in his car amounted to 27.6 grams. Randall carried a handgun concealed in his pants. The weapon belonged to Parague. The van was leased to Parague.

## Case No. A89A0640 — Parague

1. Defendant Parague argues that the evidence is insufficient to support his convictions. He argues that he had no knowledge of the cocaine, that there is no evidence linking him to the cocaine sold to the informer and that the cocaine in the van was equally accessible to at least four people. Parague and Cassie testified that they had taken Parague's van to Randall for him to work on it. Randall wanted to go see another man and Parague let him drive his van. They picked this man up and the four went browsing at a mall. Parague and Cassie shopped separately from Randall and the man for a couple of hours. When the four met again, and after Randall received a message on his beeper, he announced he had to meet someone else. They dropped the other man off and after stopping to eat at Arby's, they drove to the restaurant parking lot. The other man referred to did not testify at trial.

We find the evidence sufficient. Although driven by Randall, the van belonged to Parague. The revolver carried by Randall belonged to Parague. He was observed reaching behind his seat where the 19.2 grams of cocaine were later found. Immediately upon detention, without the sheriff saying anything about drugs, he said "Is this a drug bust? Did that man have cocaine?" The informer was told to look for a red van with three men. This evidence was sufficient to enable the jury to conclude that Parague had actual possession of the cocaine carried by Randall to the car, as well as the cocaine remaining in the van. See *Chews v. State*, 187 Ga. App. 600 (1) (371 SE2d 124) (1988) (see also special concurrence by Pope, J.); *Green v. State*, 187 Ga. App. 373 (2) (370 SE2d 348) (1988).

2. There was no merger between the offense of trafficking and the offense of possession with intent to distribute. *Tabb v. State*, 250 Ga. 317 (1) (297 SE2d 227) (1982); *Bowens v. State*, 171 Ga. App. 364 (1) (320 SE2d 189) (1984); *Howard v. State*, 144 Ga. App. 208 (1) (240 SE2d 908) (1977). The jury was authorized to find that Parague was in actual possession of more than 28 grams of cocaine, parted with 27.6 grams to be sold, and retained possession of 19.2 grams.

3. The trial court did not err in charging on conspiracy. *Thomas v. State*, 255 Ga. 38 (2) (334 SE2d 675) (1985); *Anderson v. State*, 153 Ga. App. 401 (3) (265 SE2d 299) (1980). Nor did the trial court err in refusing to charge on the theory of "equal access." *Castillo v. State*, 166 Ga. App. 817 (2) (305 SE2d 629) (1983).

4. The evidence was sufficient to sustain Parague's convictions for violation of OCGA § 16-11-106 (b) (4) & (5) and OCGA § 16-13-32.3 (a) as a party to the acts of co-defendant Randall. *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986).

5. Parague amended his enumerations of error to assert that the trial court improperly charged on actual and constructive possession in violation of *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). This amendment was filed after the time for filing enumerations of error had passed. Such an out-of-time amendment to the enumerations of error will not be considered. *Driver v. State*, 188 Ga. App. 301 (1) (372 SE2d 841) (1988). However, because Parague's assertion, if correct, would be a substantial error in the charge that would be harmful as a matter of law, we will consider it. OCGA § 5-5-24 (c). While the trial court did charge the jury on the definition of actual and constructive possession, it only charged actual possession in connection with the trafficking count. We find no error. *Ginjauma v. State*, 190 Ga. App. 25 (378 SE2d 161) (1989); *Partridge v. State*, 187 Ga. App. 325 (5) (370 SE2d 173) (1988).

6. Parague contends that the trial court erred in allowing evidence of scientific reports to which he objected because the prosecution allegedly failed to comply with OCGA § 17-7-211. The record shows that Parague made no written request pursuant to OCGA § 17-7-211 and his *Brady* motion failed to make reference to the Code section or to specifically invoke the ten-day time frame of the Code section. In this circumstance, the trial court's ruling admitting the evidence was not error. *Massey v. State*, 251 Ga. 515 (2) (307 SE2d 489) (1983).

7. Parague argues that the trial court erred when it said to the jury: "The State has rested in this case. Now the Defendants are going to have to put up their evidence and then we are going to have argument and charge." Parague did not object to this statement at trial and therefore has waived any right to raise it on appeal. *State v Griffin*, 240 Ga. 470 (241 SE2d 230) (1978).

*Case No. A89A0414 — Cassie*

8. Cassie argues the general grounds. We find the evidence sufficient. The 19.2 grams of cocaine were found in a position inches from Cassie's feet when he was seated in the van. He was wearing a beeper, although inoperable, and he was in the van with Randall and Parague all afternoon. The evidence was sufficient for the jury to conclude that Cassie exercised direct physical control over all of the cocaine or that he aided or abetted the others in doing so.

9. Cassie's remaining enumerations of error are without merit for the reasons set out in Divisions 5-7 above.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 13, 1989 —

REHEARINGS DENIED JULY 26, 1989 —

*Mark J. Kadish, James J. McGinnis*, for appellant (case no. A89A0414).

*Robert G. Fierer, Barbara E. Keon*, for appellant (case no. A89A0640).

*Frank C. Winn, District Attorney*, for appellee.