## A90A0259. RANDALL v. THE STATE.
(395 SE2d 2)

CARLEY, Chief Judge.

After appellant and several co-defendants were tried before a jury, he was found guilty of trafficking in cocaine, distribution of cocaine, use of a communications facility in the commission of a felony, and possession of a firearm during the commission of a felony. He appeals from the judgments of conviction and sentences that were entered by the trial court on the jury's guilty verdicts. The facts are set forth in the appeal of appellant's co-defendants and need not be repeated here. See *Cassie v. State*, 192 Ga. App. 484 (385 SE2d 129) (1989).

1. Appellant's enumeration of the general grounds is without merit. *Cassie v. State*, supra at 485 (1).

2. The trial court's charge on actual and constructive possession does not require reversal under *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). *Cassie v. State*, supra at 486 (5).

3. Less than ten days before trial, appellant filed a demand for a copy of the written scientific report on the analysis of the alleged contraband. The written report was not received by the State until the date of the trial and a copy was provided to appellant at that time. Appellant objected to the admission of evidence regarding the results of the analysis, contending that the State had not timely complied with OCGA § 17-7-211. The trial court's failure to sustain this objection is enumerated as error.

It was not the State's compliance, but appellant's request which was untimely under OCGA § 17-7-211. "[F]or a request to be timely, whether it is made 'at arraignment' or at some other time, it must precede the tenth day before the trial of the case. Otherwise, it would be impossible for the [S]tate to comply with the statute." *State v. Meminger*, 249 Ga. 561, 564 (2) (292 SE2d 681) (1982). As soon as the State received the report, a copy was furnished to appellant. There was no violation of OCGA § 17-7-211 and the trial court did not err in failing to sustain appellant's objection to the admission of evidence regarding the results of the analysis. *State v. Meminger*, supra.

4. The two drug offenses for which appellant was convicted did not merge. *Cassie v. State*, supra at 486 (2).

5. The State called as one of its witnesses the informant whose tip had ultimately resulted in the arrest of appellant and the co-de-

fendants. See *Cassie v. State*, supra. On direct examination, the informant testified that he had been in jail on drug charges when he agreed to assist the police and, on cross-examination, he testified that a deal had been made for his cooperation. Further cross-examination of the informant disclosed that there were also other criminal charges pending against him in Houston County. However, the State objected to pursuit of this line of questioning and the trial court refused to allow appellant to inquire into the specifics of these other pending criminal charges. Appellant enumerates this ruling as an erroneous curtailment of his right to cross-examine the informant.

The defendant in a criminal trial is guaranteed "both the general right to cross-examine witnesses against him and the more specific right to cross-examine a key [S]tate's witness concerning pending criminal charges against the witness." *Hines v. State*, 249 Ga. 257, 259 (2) (290 SE2d 911) (1982). However, the informant in the instant case can hardly be characterized as a "key" State witness. Compare *Owens v. State*, 251 Ga. 313, 314 (1) (305 SE2d 102) (1983); *Hines v. State*, supra; *Hamilton v. State*, 185 Ga. App. 536 (1) (365 SE2d 120) (1988). The truly inculpatory testimony was that of the police officers who had arrested appellant and the co-defendants when they responded to the informant's inquiry and arrived at the specified location with cocaine. The informant's testimony was, at most, merely explanatory of the arresting officers' conduct and the case against appellant and the co-defendants was in no way dependent upon his testimony.

Moreover, the record reveals that, in his subsequent redirect examination, the informant testified that "[n]othing that [he did in the instant case] makes any difference down in Houston County. . . ." Thus, the error, if any, in disallowing appellant's pursuit of the topic of the other criminal charges pending against the informant was certainly harmless. "Since the question of whether the witness entertained any belief of personal benefit from testifying favorably for the prosecution was addressed, in any event, the trial court's disallowance of the more direct questioning about any pending charges constituted harmless error. It is, of course, settled that harmless error will not authorize a reversal by this court. [Cit.]" *Morris v. State*, 166 Ga. App. 137, 141 (3) (303 SE2d 492) (1983).

6. Appellant enumerates as error the trial court's failure to give a recharge that was responsive to the jury's request for clarification concerning the venue requirements as to the crime of using a communications facility in the commission of a felony.

The record would seemingly support appellant's contention that the trial court's recharge was not responsive to the jury's actual inquiry. The jury, however, apparently did not consider it to be unresponsive. The trial court inquired whether the recharge would "suffice

[the jury's] needs?" and the jury foreman stated that it would. See *Welch v. State*, 251 Ga. 197, 198 (2) (304 SE2d 391) (1983). Compare *Murray v. State*, 180 Ga. App. 493, 494 (1) (349 SE2d 490) (1986). However, even assuming that, despite the jury's indication to the contrary, the trial court nevertheless failed to give a responsive recharge, the error was harmless. The question of venue was not contested at trial and the evidence showed, without conflict, that venue would be proper in Douglas County pursuant to whatever statutory provisions might otherwise be applicable. See OCGA § 17-2-2 (a), (e), and (h). Accordingly, the failure to recharge on venue was harmless because, under the evidence, no jury question was presented as to that issue and any finding other than that venue was proper would not have been authorized. Cf. *Murray v. State,* supra at 494 (1).

*Judgments affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 2, 1990 —
REHEARING DENIED MAY 29, 1990 — 

*Alden W. Snead, J. M. Raffauf,* for appellant.
*Frank C. Winn, District Attorney,* for appellee.