## A03A1423. WISHAM v. THE STATE.
(585 SE2d 675)

ELDRIDGE, Judge.

Following a bench trial, Jason Wisham was found guilty of arson in the second degree. He appeals from the conviction and judgment entered thereon. On appeal, Wisham argues that there was a fatal variance between the allegations of the indictment and the evidence at trial. We disagree and affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*,[1] the evidence shows that on June 10, 2002, at 1:50 a.m., Jacqueline Renee Byrd, age 19, noticed a shadow on her mother's white car, which was parked in the driveway, upon looking out her bedroom window. Upon closer inspection, Byrd saw smoke coming from her car, which was parked nearby her mother's car, about one or two feet from her bedroom window. As Byrd ran onto the porch, she saw Wisham standing in front of her car. Byrd testified that Wisham smiled and waved at her prior to running in the direction of the rear of the house. Both Byrd and Deputy Brent Loeffler of the Decatur County Sheriff's Office testified that the front yard of the Byrd home was illuminated by a nearby streetlight. Deputy Loeffler stated that he could identify other deputies in the front yard as he walked toward the house from the road.

A fire had been set in the center of the back seat of Byrd's car, which burned out the back seat before it was extinguished. Additionally, there were deep gouges and scratches in the paint of Byrd's car, and the word "bitch" had been scratched in the paint on the hood and sides. Two of Wisham's roommates testified that he had stated to them, or in their presence, that he had burned Byrd's car. Further, copies of a song and a paragraph written by Wisham were entered into evidence that talked about burning a girl's car because she had wronged him. *Held*:

Wisham asserts that there was a fatal variance between what was alleged in the indictment and proof at trial in that the indictment alleged the car which was damaged was the property of Vickie Bird,[2] the mother of Byrd, while Byrd testified that the car belonged to her.

A person commits the offense of arson in the second degree when, by means of fire or explosive, he knowingly damages any vehicle of another without consent. OCGA § 16-7-61. In cases of arson, it is not necessary to prove who has legal title to the property, only that lawful possession is in another. *Stanford v. State*, 236 Ga. App. 597,

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] The indictment shows the owner of the car as Vickie Bird. However, the trial transcript shows the spelling of her daughter's last name to be Byrd.

598 (1) (512 SE2d 708) (1999) ("Lawful [possession of] one in charge constitutes ownership as contemplated by the arson statute and the question of legal title is not involved.") (citation and punctuation omitted). Here, lawful possession was proven in Byrd.

"In an arson case, the corpus delicti consists in the proof of three fundamental facts: first, a burning; second, that a criminal agency was the cause of the burning; and, third, that the defendant was the criminal agency." (Citations and punctuation omitted.) *Solomon v. State*, 195 Ga. App. 684, 687 (394 SE2d 570) (1990). In this case, the first two elements were uncontroverted. Deputy Loeffler testified that the fire was caused by "a fire [that] was set on the back seat, center back seat, a big fire spread in that location." While defendant denied being at Byrd's home on June 10, 2002, and setting the fire, there was sufficient evidence for the factfinder to find beyond a reasonable doubt that the fire was knowingly caused by Wisham.

> Based on *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969), our courts have departed from an overly technical application of the fatal variance rule, focusing instead on materiality. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to affect the substantial rights of the accused. *Shackelford v. State*, 179 Ga. App. 595, 596 (347 SE2d 346) (1986), quoting from *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935). That decision emphasized that it is the underlying reasons for the rule which must be served: 1) the allegations must definitely inform the accused as to the charges against him so as to enable him to present his defense and not to be taken by surprise, and 2) the allegations must be adequate to protect the accused against another prosecution for the same offense. *DePalma* adopted the holding in the *Berger* case. *Partridge v. State*, 187 Ga. App. 325, 327 (2) (370 SE2d 173) (1988).

(Punctuation omitted.) *Mathews v. State*, 258 Ga. App. 29, 32 (2) (572 SE2d 719) (2002).

In this case, the indictment put Wisham on notice that he must defend against the charge of arson to a motor vehicle of another arising from his conduct on June 10, 2002, at 122 Penelope Drive, Bainbridge, Decatur County, Georgia. The evidence showed that only one car was damaged at the address stated in the indictment on June 10, 2002. Therefore, any variance between the allegata and the probata was not fatal in this instance. See *Bradshaw v. State*, 162 Ga. App. 750, 752-753 (7) (293 SE2d 360) (1982). Wisham was sufficiently

informed of the charges against him so that he could prepare a defense. Moreover, there was no danger that Wisham would be prosecuted again for the same offense.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 15, 2003.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.