## 38006. OWENS v. THE STATE.

JORDAN, Chief Justice.

This appeal is from a conviction for murder in the Superior Court of Monroe County. The appellant was tried on June 13, 1981, and the jury returned a verdict of guilty on June 16, 1981. As the state did not seek the death penalty, a sentence of life imprisonment was imposed.

The appellant, Oscar Owens, his brother John Owens, the victim, and John's two daughters lived together on the Owens' family homestead on Flint Road in Monroe County. Their brother, Ples Owens, Jr., lived approximately one quarter mile across a field from the family's house.

The incident resulting in the charge against the appellant occurred on November 29, 1980. That morning Ples Owens held a hog killing on the farm. The three brothers, John, Ples, and Oscar, along with some friends and neighbors, arrived at different times during the morning to help. All of the witnesses testified that there were no arguments during the day.

At approximately 1:00 p.m. the appellant took a serving of meat up to the house. A few minutes later, the appellant came out of the house carrying a shotgun. At the time, John Owens was standing with his back to the appellant, between Womble and Douglas at the hog-cutting table. Witnesses testified that the appellant raised the gun, aimed it in John Owen's direction, and fired once, hitting John in the back at the neck and killing him.

The appellant made no attempt to escape and was waiting at the scene when the law enforcement officials arrived.

The appellant was arrested, and at the jail he gave a taped statement to Chief Deputy Jack Pitts of the Monroe Sheriff's Department. In this statement, the appellant said such things as: "We had a little land and . . . he (John, the victim) kept on wantin to take it"; and, "Yeah, I meant to shoot him"; however, the appellant also stated: "I didn't mean to kill him"; and "I was shootin as a warnin." This statement was played for the jury during the trial, and upon request by the jury, and over defense counsel's objection, the jury was allowed to take the tape into the jury room during deliberations.

In the first enumeration of error, the appellant alleges the court erred in admitting into evidence state's exhibit No. 19. This exhibit consists of certified copies of three documents on file with the clerk of Monroe County Superior Court: (1) an affidavit of Lula J. Owens, the appellant's mother, regarding her husband's estate, (2) a deed dated April 20, 1942, from Charles Haygood to Ples Owens, Sr., the appellant's father, and (3) a deed dated September 8, 1966, from Ples Owens, Sr. to Ples Owens, Jr. transferring one acre of the land acquired by the 1942 deed.

The appellant contends the documents in exhibit No. 19 were irrelevant and immaterial to the issues on trial and were harmful to the appellant because they implied the appellant was angry with John Owens over the division of land.

We disagree with the appellant. The documents were relevant evidence. "Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." *Harris v. State,* 142 Ga. App. 37, 41 (234 SE2d 798) (1977); *Johnson v. State,* 148 Ga. App. 702, 703 (252 SE2d 205) (1979). The issue of the ownership of the Owens' family land as it related to the motive of the appellant had been raised at trial. Ples Owens, Jr., the appellant's brother, testified that a discussion had been held among family members regarding distribution of the land. Also, the appellant, in his taped statement to deputy Pitts, placed the family land in issue when he said, "We had a little land and . . . he kept on wantin' to take it . . . and every time I come home he want to run me away and get my money."

In addition, the trial court has wide discretion in determining relevancy and materiality, and furthermore, where the relevancy or competency is doubtful, it should be admitted, and its weight left to the determination of the jury. *Johnson v. State,* supra; *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756) (1976).

The trial court did not abuse its discretion in allowing these relevant documents into evidence. Therefore, this enumeration of error is without merit.

In enumeration of error no. 2, the appellant contends the trial court erred in allowing the appellant's taped statement to go to the jury room with the jury during their deliberations. The appellant argues this act was prejudicial because the replaying of the taped statement, which contained the phrase "yeah, I meant to shoot him . . .," tended to make a great impact upon the jury thereby diminishing in importance the issues the appellant's counsel developed at trial as well as the appellant's own testimony that the shooting was an accident.

The appellant agrees that relevant sound recordings with properly laid foundations may be played before a jury and that the court was authorized to permit the jury to rehear the tape recording if done so in open court. See *Solomon, Inc. v. Edgar,* 92 Ga. App. 207, 211 (88 SE2d 167) (1955); *Harris v. State,* 237 Ga. 718, 723-25 (230 SE2d 1) (1976); *Byrd v. State,* 237 Ga. 781, 783 (229 SE2d 631) (1976). However, the appellant correctly argues, and the State concedes, that the court erred in allowing the taped statement, over the objection of the defense counsel, to go to the jury room. *Walker v. State,* 215 Ga. 128, 129 (109 SE2d 748) (1959); *Herrmann v. State,* 235 Ga. 400, 401-02 (220 SE2d 2) (1975); *Watkins v. State,* 237 Ga. 678, 681 (229 SE2d 465).

However, the question remains whether this act was harmful error requiring a reversal and a new trial. This court has adopted the highly probable test when determining if an error is harmless. If it is highly probably that the error did not contribute to the judgment then the error is harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

In applying this test, one factor this court has considered is the strength of the evidence against the defendant. *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977); *Collier v. State,* 244 Ga. 553, 559 (261 SE2d 364) (1979); *Hill v. State,* 246 Ga. 402, 408 (271 SE2d 802) (1980). We believe this factor is dispositive in this case. The overwhelming evidence against the defendant makes it highly probable that the playing of the taped statement in the jury room did not contribute to the judgment. In this case several eyewitnesses testified that they saw the appellant aim and shoot at John Owens, and one testified that he heard the appellant say "I said I was going to get him" and "If I had had an automatic, I'd got more." In addition, this overwhelming evidence relates to the same issues addressed by the tape, i.e., whether the defendant meant to shoot his brother. Where there is other evidence relating to the same issues the error

addresses, especially where it is overwhelming, it is highly probable the error did not contribute to the judgment. *Drake v. State,* 245 Ga. 798, 802 (267 SE2d 237) (1980); *Butler v. State,* 239 Ga. 591, 592 (238 SE2d 387) (1977); *Shaw v. State,* 241 Ga. 308, 309-10 (245 SE2d 262) (1978).

Finally, the issues presented by the tape had been properly placed before the jury as the tape was properly admitted into evidence and had been heard by the jury (and could have been reheard in open court). This fact, along with the other overwhelming evidence on the same issues, makes it highly probable that the error of allowing the tape to go to the jury room did not contribute to the judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.
*E. Byron Smith, District Attorney, W. Hal Craig, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Assistant Attorney General,* for appellee.