## 74183. DULL v. THE STATE.
(358 SE2d 256)

BIRDSONG, Chief Judge.

Wayne Edward Dull was convicted of two counts of driving under the influence of an alcoholic beverage and sentenced. He brings this appeal enumerating a single error. *Held*:

Dull was arrested by two police officers after being stopped for erratic driving and being observed to be apparently under the influence of alcohol. The first officer testified at great length as to the physical surroundings of the place of arrest, the make of the car driven by Dull, and the observations of Dull's personal and physical condition that led the officer to conclude Dull was intoxicated. Two separate intoximeter tests were conducted, one showing a positive reaction for presence of alcohol and the other indicating a blood alcohol level of .20. The second officer testified substantially to the same facts but not in as great detail. The second officer stated from the stand that he had a general recollection of the incident but had had to refresh his memory of the incident from a written report prepared by

the witness shortly after the arrest.

On cross-examination, the officer identified the incident report as the one he had prepared and conceded the report had refreshed his memory. He also was asked to (and did) read to the jury certain portions of the report that someone had highlighted with a yellow ink marker. After the reading of the highlighted portion at the request of the defense, the State remarked: "Your Honor, I would stipulate to the incident report into the — the evidence. . . . I have no problem with the jury seeing that entire report. [Defense Counsel]: I don't have any problem with that either, Judge. The Court: Are y'all asking that it be submitted into the evidence? [Defense Counsel]: I'm not asking, Judge. It's his case. If he wants to put it in, he can put it in. I — we don't have any objection to it. The Court: Well, it would — I mean, whose exhibit would it go in as. . . . [State]: The State would tender State's Exhibit 4 into evidence. The Court: And is there objection? [Defense Counsel]: No, Your Honor. We — we would like to be able to call [the first police officer] back to the stand to find out when it was written and things of this nature. . . . My position is, before we admit it into evidence, I'd like to know when it was written and some other — I'd like to cross-examine the writer . . . on certain matters." After the witness had been subjected to further examination and cross-examination and retired from the stand, the State re-tendered Exhibit 4. "The Court: Objection? [Defense Counsel]: No objection, Your Honor. That's the police report, right? [State]: Yes. The Court: State's Exhibit 4 is admitted without objection."

After the completion of all evidence, arguments of counsel, the charge of the court, and the post-charge objections, the trial court conferred with counsel as to the evidence to be sent to the jury. For the first time, counsel for Dull objected to State's Exhibit 4 being sent out with the jury in that it would constitute a continuing testimony by the police officer, placing undue emphasis upon that testimony to the material prejudice of the defendant. At that point the court stated: "I thought the purpose of that being offered was that you [DC] sought to impeach the officer by saying that all that he recalls was what was yellow lined, and that's the only reason it came in. [DC] Yes, Your Honor." The court stated at that point: "Number 4 being sent to the jury. I am, however, going to send it to the jury over the defendant's objection because the reason it was admitted into evidence was part of the defendant's impeachment of the officer. So, I'm going to allow it for them to have it for that benefit for impeachment."

It is clear from the proceedings before the court that Dull, while conceding that he had consumed some alcoholic beverages during the evening before his arrest, contended he was not intoxicated. He offered eyewitness testimony that he did not appear intoxicated to

other persons and had not consumed enough alcohol to have become intoxicated. He sought to show on cross-examination that the officers probably were mistaken and had no recollection of the incident independent of the report. Extensive examination was conducted as to the memory of the preparer of the report and the expertise of the officer who performed the intoximeter test. Thus the apparent theory of the defense was that if the officers had no independent memory of the incident but relied on the underlined portions of the report, the jury might place greater weight upon the recollection of the defense witnesses to the state of intoxication rather than the refreshed recollection of the arresting officers. In substance when the report was identified at the request of the defense, Dull conceded he had no objection to the admissibility of the report or to the jury viewing it. As a matter of trial tactics, it would appear that the impeachment process was consistent with the defense offered by Dull.

It has been held that it is not error and certainly not reversible error to admit an item of documentary evidence that is consistent with the theory of the defense. See *Vinyard v. State*, 177 Ga. App. 188, 189 (338 SE2d 766); *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451).

We also are concerned with the question of waiver. Counsel for Dull affirmatively stated he had no objection to the document being admitted nor to its being viewed by the jury. Later when the document was re-tendered by the State, Dull again voiced no objection to the document's admission into evidence nor did he seek to limit its use. In short, appellant himself focused attention on this document, voiced no objection to its admissibility, sought to use it in his defense, and even agreed that the jury could view it. We deem it to be impermissible for counsel actively to pursue a course of conduct, and then when the State's representative pursues and the trial court permits the proposed action, seek to assert that course of action was materially prejudicial. If error, this was induced error. *Drake v. State*, 142 Ga. App. 14, 16 (234 SE2d 825).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 7, 1987 —
REHEARING DENIED MAY 22, 1987 — 

*Larry W. Yarbrough*, for appellant.
*Patrick H. Head, Solicitor, Phillip Goldstein, Melodie Clayton, Assistant Solicitors*, for appellee.