S95A1724. FIELDS v. THE STATE.
(466 SE2d 202)

THOMPSON, Justice.

Dominique Fields and Ted Davenport burglarized Wyman Wallace's apartment in Albany, Georgia. Before they decided to enter the apartment, Fields and Davenport satisfied themselves that no one was home: They telephoned the apartment and knocked on the front door for about five minutes. When no one answered, they entered the apartment through a sliding glass door. To their surprise, Wallace was at home.

Fields shot and killed Wallace. Shortly thereafter, he gave the pistol which was used in the shooting to Fred Thomas. The police recovered the pistol when they arrested Thomas in connection with another matter.

Two Albany police officers, Detectives Poole and Oliver, visited Fields following his arrest and detention in a Dade County, Florida jail. When the officers advised Fields of his *Miranda* rights, he exercised his right to remain silent and refused to answer any questions. He also refused the officers' request to take his photograph. The officers returned to Albany without questioning Fields.

Ten months later, following Fields' extradition, Detective Gervin removed him from his cell in the Albany jail and escorted him to an interview room where they were joined by Detective Poole. The officers advised Fields of his *Miranda* rights and asked if he wished to

---

make a statement. Fields made a statement in which he admitted taking part in the burglary and shooting Wallace, adding that when he entered Wallace's room, Wallace awoke and slapped at his hand, causing the gun to fire. The officers recorded the statement.

At trial, Fields took the stand and admitted participating in the burglary. He claimed, however, that Davenport shot Wallace. Concerning his previous statement to the police, Fields testified that he only admitted shooting Wallace because Davenport had threatened him and urged him to "take the rap" because he would be tried as a juvenile.

The jury found Fields guilty of felony murder and burglary.[1] He was sentenced to a life term for felony murder and 20 years for burglary and he appealed.

1. Fields asserts the statement he made to the police was inadmissible because the police violated the rule set forth in *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). We disagree. In *Edwards*, the Supreme Court held that the police cannot question a defendant who has invoked his *right to counsel* unless the defendant initiates communication.

Fields did not invoke his right to counsel — he simply exercised his right to remain silent. Thus, we are not guided by *Edwards*, but by *Michigan v. Mosley*, 423 U. S. 96 (96 SC 321, 46 LE2d 313) (1975). *Bright v. State*, 251 Ga. 440, 445 (306 SE2d 293) (1983).

In *Mosley*, the defendant was interviewed in connection with certain robberies and advised of his *Miranda* rights. He refused to discuss the robberies and the detective ceased questioning him. Two hours later, another detective again advised the defendant of his *Miranda* rights and interrogated him about an unrelated murder. The defendant made an inculpatory statement which was introduced into evidence at trial. Following the defendant's conviction, the Michigan Court of Appeals reversed, ruling that the defendant's *Miranda* rights had been violated. The Supreme Court reversed the Michigan appellate court, noting:

> [A] blanket prohibition against the taking of voluntary statements or a permanent immunity from further interrogation, regardless of the circumstances, would transform the *Miranda* safeguards into wholly irrational obstacles to legitimate police investigative activity, and deprive suspects of an

---

[1] The crimes occurred on April 9, 1993. Fields was indicted on March 31, 1994, and charged with burglary, felony murder and malice murder. Trial commenced on January 23, 1995, and the jury returned its verdict on January 25, 1995. Sentence was imposed the same day and Fields timely moved for new trial. The motion for new trial was denied on July 10, 1995. Fields filed a notice of appeal on July 21, 1995. The case was docketed in this Court on July 28, 1995, and orally argued on October 16, 1995.

opportunity to make informed and intelligent assessments of their interests.

423 U. S. at 102.

Thus, the court upheld the decision of the trial court to allow the statement into evidence. The court was impressed by the fact that the officers immediately discontinued the first interrogation upon request and did not persist in trying to "wear down [the defendant's] resistance and make him change his mind." Id. at 106. Instead, the court observed, the officers "resumed questioning only after the passage of a significant period of time and the provision of a fresh set of warnings. . . ." Id. Moreover, the court noted, the second interrogation sought information with regard to a crime that had not been the subject of the first interrogation.

In this case, like *Mosley*, the police immediately ceased all questioning when Fields exercised his right to remain silent; they waited a significant period of time before they resumed questioning; and they provided a fresh set of *Miranda* warnings. It is true that, unlike *Mosley*, the police sought the same information from Fields at each interview. However, given the fact that ten months had elapsed between the first and second interviews, we conclude that, on balance, the police "scrupulously honored" Fields' right to remain silent. *Bright v. State*, 251 Ga. at 446, supra. It was not unreasonable for the police "to inquire whether [Fields] changed his mind during this [ten-month] period and wished to make a statement." Id.

2. Fields correctly contends the trial court erred in allowing his recorded statement and a tape player to go out with the jury. Our courts have consistently held that it is error to allow a jury to take written or recorded statements into the jury room during deliberations unless those statements are consistent with the defendant's theory of the case. See, e.g., *Lane v. State*, 247 Ga. 19, 20 (273 SE2d 397) (1981); *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984). Thus, the question is not whether the trial court erred in allowing the jury to hear defendant's statement repeatedly, but whether the error was harmful. *Owens v. State*, 248 Ga. 629 (284 SE2d 408) (1981); *Watkins v. State*, 237 Ga. 678 (229 SE2d 465) (1976).

In *Owens v. State*, supra, this Court concluded that to allow a defendant's tape-recorded inculpatory statement to be heard by the jury during deliberations was harmless error where the evidence against the defendant was overwhelming and it was highly probable that it did not contribute to the verdict. Id. at 631. In this case, Fields took the witness stand and admitted that he participated in the burglary, positing that Davenport shot and killed Wallace in the course of the burglary. Thus, by his own testimony, Fields admitted enough facts to support a felony murder conviction. Additionally, Fields pos-

sessed the murder weapon; and Davenport testified that Fields shot Wallace in the course of the burglary. We conclude, therefore, that the evidence against Fields was overwhelming, and it is highly probable that any error in allowing the tape-recorded statement to be heard by the jury during deliberations did not contribute to the verdict. *Owens v. State*, supra. In fact, the evidence against Fields was so overwhelming that the error is harmless beyond a reasonable doubt.

3. The evidence was sufficient to enable any rational trier of fact to find Fields guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Fields' burglary conviction was the underlying felony for his conviction of felony murder, and therefore, it merged into the felony murder conviction. It follows that the conviction and sentence for burglary must be vacated. *Johnson v. State*, 254 Ga. 591, 596 (331 SE2d 578) (1985).

*Judgment affirmed in part and vacated in part. All the Justices concur.*

DECIDED FEBRUARY 12, 1996.

*Jones & Jones, L. Earl Jones, Brimberry, Kaplan & Brimberry, Mark D. Brimberry*, for appellant.

*Britt R. Priddy, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General*, for appellee.