### A01A2300. PETERSON v. THE STATE.
(559 SE2d 126)

MILLER, Judge.

Following a jury trial, Walter Peterson was convicted of statutory rape, aggravated sexual battery, and child molestation. On appeal he contends that (1) the evidence was insufficient to sustain the convictions, (2) the trial court erred by admitting evidence of prior sexual contact between him and the victim, (3) the trial court erred by failing to give a curative instruction following objectionable testimony from one of the State's expert witnesses, (4) the trial court erred by allowing the jury to take a videotaped interview of the victim into the jury room during deliberations, (5) his trial counsel was ineffective, and (6) the trial court erred by failing to grant his motion for a new trial. We discern no reversible error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that on May 24, 1996, the victim, a 12-year-old child, was at home alone with her mother's boyfriend, Peterson. During the evening, Peterson unbuttoned the victim's pants and felt on her body. He then dragged her across a couch and to a chair, removed her pants, and started kissing and feeling on her body and chest. Peterson then carried the victim to her room, removed his pants in another room, and came back to the victim's room, where he then inserted his finger into her vagina and anus. Over the victim's objections, Peterson attempted to have anal intercourse with the victim and then placed his penis into the victim's vagina.

The victim told several others about the incident with Peterson, including her mother, father, two friends, a friend's grandmother, the police, counselors, a doctor, and a psychotherapist. The doctor's examination of the victim a few days after the incident revealed that the victim had been sexually active. The psychotherapist with whom the victim spoke conducted a videotaped interview with the victim, which was played for the jury. The victim also testified about the incident with Peterson as well as 17 to 20 prior incidents of sexual contact between them.

Prior to trial Peterson's attorney identified an expert witness who was expected to testify regarding the interview procedures used by the psychotherapist who interviewed the victim. The State identi-

fied an additional witness as well, but neither the State nor the defense identified these witnesses in a timely manner, and the trial court therefore decided to exclude both witnesses from testifying. Although the defense expert was excluded, Peterson's counsel cross-examined the psychotherapist at length regarding her interview techniques.

At trial a social worker who counseled the victim testified that the victim had been brought to her "because [the victim] had been sexually abused" and later testified as to what she knew about "victims of child abuse. . . ." Peterson's counsel's objections to both statements were sustained, but counsel did not request a curative instruction with respect to the statements until after the witness had already been excused and the jury had been removed for a break.

At the end of the trial, and over objection from Peterson's counsel, the court allowed the jury to take the victim's videotaped interview into the jury room with them during deliberations. The jury returned a verdict of guilty against Peterson on all of the charges against him.

Peterson obtained new counsel and moved for a new trial. In his motion for new trial, Peterson claimed that his trial counsel was ineffective and also asserted the other grounds that he urges in this appeal. Peterson testified at the new trial hearing that his trial counsel failed to call certain defense witnesses who could have helped his case. He also claimed that his counsel was ineffective for failing to identify the potential defense expert witness in a timely manner. Peterson's trial counsel did not recall having any discussion with Peterson about calling the defense witnesses who Peterson claimed would have been helpful to him, and Peterson admitted that he never objected to the fact that his trial counsel did not call these witnesses. The trial court denied the motion for new trial.

1. Peterson contends that the evidence was insufficient to sustain his convictions. More specifically, he argues that the primary evidence against him was the testimony of the victim, supported only by other witnesses who assumed that what the victim told them was true, and that this was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[2] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse. . . ."[3] In addition, one commits aggravated sexual battery "when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person."[4] Finally, "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[5]

The victim testified about the sexual nature of the incident with Peterson that occurred when she was 12 years old. Contrary to Peterson's claim that this was the only evidence from which one could conclude that the victim had been abused, the victim's story was corroborated by medical evidence that the victim had been sexually active, testimony from her parents, police, and friends, and evidence from a clinical social worker who testified as to the symptoms the victim displayed that suggested that she had been abused. In addition, a finger qualifies as a "foreign object" that, when inserted in the sexual organ or anus of another without consent, as was done here, would justify a conviction for aggravated sexual battery.[6] Ample evidence sustained the convictions.

2. Peterson argues that the testimony regarding prior incidents of sexual contact between Peterson and the victim should have been excluded because the trial court did not explicitly state that the probative value of these prior incidents outweighed their prejudicial impact. We disagree.

In cases involving sexual abuse, similar transaction evidence can be admissible to show similarity, lustful intent, and bent of mind of the accused and to corroborate the victim's testimony.[7] The ruling of the trial court regarding the admissibility of these transactions will not be disturbed absent an abuse of discretion.[8] "Moreover, the exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses."[9] An extensive hearing was held in accordance with Uniform Superior Court Rule 31.3 (B) regarding the admission of these similar transactions, and the trial judge specifically instructed the

---

[3] OCGA § 16-6-3 (a).
[4] OCGA § 16-6-22.2 (b).
[5] OCGA § 16-6-4 (a).
[6] *Burke v. State*, 208 Ga. App. 446, 447 (1) (430 SE2d 816) (1993).
[7] *Eggleston v. State*, 247 Ga. App. 540, 541 (1) (544 SE2d 722) (2001).
[8] Id.
[9] (Citations and punctuation omitted.) *Boynton v. State*, 197 Ga. App. 149, 150 (1) (397 SE2d 615) (1990).

jury as to the limited purpose for which these similar transactions could be considered. Inherent in the trial court's ruling is the notion that the relevance of these prior incidents outweighed their prejudicial nature. We find no abuse of discretion here.

3. Peterson further argues that the trial court erred by failing to give a curative instruction following the objectionable testimony given by one of the State's expert witnesses. However, "[i]t is well-settled that a sustained objection to an improper answer cannot serve as the basis for reversal unless it is *contemporaneous* with a denied motion for mistrial, denied request to strike or denied request for curative instructions."[10] Since Peterson did not request a curative instruction in a timely manner, he has not presented any basis for a finding of reversible error here.

4. Peterson urges that the trial court erred by allowing the jury to take the victim's videotaped interview into the jury room during deliberations. He does not argue that the jury was not entitled to review the video in open court,[11] but only that they should not have been allowed to take the videotape into the jury room during deliberations.[12] We hold that to the extent that the trial court may have erred by allowing the jury to take the tape into the jury room, such error was harmless because, as shown in Division 1, the evidence was otherwise overwhelming to sustain the convictions even without the videotaped interview.[13]

5. Peterson claims that his trial counsel was ineffective because (a) he failed to identify a potential defense expert in a timely manner, and (b) he failed to call additional witnesses who could have been useful in Peterson's defense. We disagree.

To prove ineffective assistance, Peterson was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense.[14] The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous.[15] Evidence supported the trial court's finding that Peterson did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) Peterson's counsel testified that the excluded defense expert was expected to testify regarding interview techniques that could show suggestiveness on the part of the psychotherapist who inter-

---

[10] (Citations and punctuation omitted; emphasis supplied.) *James v. State*, 196 Ga. App. 569, 571 (396 SE2d 306) (1990).

[11] See, e.g., *Davis v. State*, 246 Ga. App. 877, 878 (1) (542 SE2d 626) (2000).

[12] *Owens v. State*, 248 Ga. 629, 631 (284 SE2d 408) (1981).

[13] See id. at 631-632; see also *Fields v. State*, 266 Ga. 241, 243 (2) (466 SE2d 202) (1996).

[14] *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[15] *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

viewed the victim. Although the expert was excluded, Peterson's counsel conducted a thorough cross-examination of the psychotherapist regarding her interview techniques, which elicited the very same information that Peterson expected to introduce through his expert. Moreover, the jury was allowed to view the videotape of the victim's interview and evaluate for themselves any hints of suggestiveness or bias. Even if counsel's deficient performance led to the exclusion of the expert, we hold that the evidence supports a finding that Peterson failed to meet his burden of showing that this alleged deficient performance affected the outcome at trial.[16]

(b) Although Peterson consulted with his trial attorney about various witnesses, Peterson admitted that he did not object to his trial counsel's failure to call certain defense witnesses who Peterson believed would have helped his case. His trial counsel did not even recall having any specific conversations about calling these witnesses. Strategic decisions regarding what witnesses to call after consultation with the client are virtually unchallengeable and do not amount to ineffective assistance.[17] Moreover, the record does not reveal that Peterson even communicated the alleged importance of calling these witnesses to his attorney. We hold that the trial court did not clearly err in concluding that Peterson failed to meet his burden of showing ineffective assistance here.

6. Based on our holdings in Divisions 1 through 5, we find Peterson's contention that the trial court erred by denying his motion for new trial to be without merit.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 22, 2002.

*Carla J. Friend*, for appellant.
*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.

---

[16] See *Welch v. State*, 243 Ga. App. 798, 799-800 (2) (534 SE2d 471) (2000) (ineffective assistance claim denied where evidence did not reveal outcome of trial would have been different but for counsel's alleged ineffective assistance).
[17] *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000).