## S08A1225. CLARK v. THE STATE.
### (667 SE2d 37)

CARLEY, Justice.

A jury found Benjamin Clark guilty of armed robbery, and the trial court entered judgment of conviction and sentence on the guilty verdict. On appeal to the Court of Appeals, Clark raised two enumerations of error, contending first that the continuing witness rule was violated and, second, that the charge to the jury was erroneous. The 12 Judges on the Court of Appeals were equally divided as to affirmance or reversal based upon resolution of the first enumeration of error. Accordingly, the case was transferred to this Court pursuant to Art. VI, Sec. V, Par. V of the Georgia Constitution of 1983. The Court of Appeals also submitted to us two separate opinions, each of which received the votes of six judges.

The victim, and only witness to the crime, testified that, during his night shift at the front desk of a hotel, he permitted Clark, who was a daytime maintenance man, to enter the locked hotel in order to use the bathroom. Once inside the hotel, however, Clark came through the front desk door, pulled out a gun, and demanded money from the cash drawer. After receiving the money, Clark gave $90 to the victim and told him to give police an inaccurate description. Clark also threatened to kill the victim if he revealed Clark's identity to police. During the trial, Clark proffered and the trial court admitted into evidence two written statements that the victim gave to police, and attempted to show that the two statements were inconsistent with one another and with the victim's trial testimony. Near the beginning of deliberations, a juror asked for the statements. The trial court permitted the statements to go out with the jury, despite Clark's objection based on the continuing witness rule, because he had tendered them into evidence.

"As a general rule, allowing the written statement of an alleged victim to go out with a jury violates the continuing witness rule. [Cit.]" *Kent v. State*, 245 Ga. App. 531, 533 (3) (538 SE2d 185) (2000). See also *Buchanan v. State*, 282 Ga. App. 298, 300 (3) (638 SE2d 436) (2006). One of the opinions submitted by the Court of Appeals concluded that the continuing witness rule was violated in this case, and that the error was harmful because the victim was the only witness, the jury was charged with determining his credibility, and the evidence was not overwhelming. *Summage v. State*, 248 Ga. App.

559, 561 (1) (546 SE2d 910) (2001). That opinion would also overrule *Hopkins v. State*, 283 Ga. App. 654, 658 (3) (642 SE2d 356) (2007). The other opinion took issue with the first opinion's determination that the error was not self-induced merely because Clark was the party who introduced the victim's written statements into evidence. This opinion also posited that *Hopkins v. State*, supra, should be followed and not overruled.

However, neither of the opinions submitted by the Court of Appeals addressed the principle, established in *Proctor v. State*, 235 Ga. 720, 724 (221 SE2d 556) (1975) and *Lane v. State*, 247 Ga. 19, 21 (4) (273 SE2d 397) (1981), that "it is not reversible error for a written statement to go out with the jury if that statement is consistent with the theory of the defense." *Heard v. State*, 169 Ga. App. 609 (314 SE2d 451) (1984). See also *Bridges v. State*, 279 Ga. 351, 353 (2) (613 SE2d 621) (2005); *Fields v. State*, 266 Ga. 241, 243 (2) (466 SE2d 202) (1996). This principle flows from the rationale underlying the continuing witness rule, which is that undue emphasis is placed on written testimony if it is permitted to go out with the jury. *Sharpe v. Dept. of Transp.*, 270 Ga. 101, 102 (505 SE2d 473) (1998); *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987); *Proctor v. State*, supra.

Whether the written testimony is consistent with the theory of the defense depends upon whether it is advantageous to the defendant, and whether and how defense counsel utilizes that evidence. *Lane v. State*, supra; *Proctor v. State*, supra; *Pope v. State*, 197 Ga. App. 832, 833 (2) (399 SE2d 552) (1990). The written statements here were advantageous to Clark to the extent that they reveal inconsistencies in the victim's accounts of the crime and serve to weaken the credibility of that witness. More importantly in this case, defense counsel made use of the victim's prior written statements by offering them into evidence and utilizing them for purposes of impeachment. "[T]he underlying 'admissibility' of written evidence in a case is a separate and distinct issue from whether that evidence should be allowed to go out with the jury." *Miller Distributing Co. v. Rollins*, 163 Ga. App. 635, 636 (1) (295 SE2d 187) (1982). Thus, a party's introduction of written testimony into evidence does not itself constitute consent for that evidence to go out with the jury notwithstanding the continuing witness rule. However, a defendant's offer of evidence is at least one indication that such evidence is consistent with the theory of his case. In this case, the actions of Clark's trial counsel extended far beyond the mere introduction of the victim's written inconsistent statements into evidence. He extensively relied on them, as well as a prior oral statement, during cross-examination of the victim and closing argument. Furthermore,

defense counsel explicitly stated during his opening statement that the victim's prior inconsistent statements were "the basis for our defense."

Where, as here, defense counsel introduces written testimony into evidence or acquiesces in its admission, and further uses it to impeach a key witness for the State, especially when the impeachment constitutes a significant part of the defendant's strategy, that writing is considered to be consistent with the defense theory. *Dull v. State*, 183 Ga. App. 28, 29-30 (358 SE2d 256) (1987) (Court of Appeals further relied on induced error because defense counsel also stated that he had no problem with the jury seeing the evidence at issue). It appears that *Hopkins* comes within this holding and, thus, was correctly decided, although the mere offer of the written evidence by the defendant in that case, without more, was not sufficient to show the absence of reversible error in allowing the evidence to go out with the jury. See *Miller Distributing Co. v. Rollins*, supra.

Accordingly, we conclude that the trial court did not commit reversible error in permitting the victim's written statements to go out with the jury, because the statements were consistent with the theory of Clark's defense. This Court having resolved the enumeration "upon which the Court of Appeals was evenly divided as to affirmance or reversal, the case is hereby returned to that court for consideration of [Clark's] remaining enumeration of error. [Cit.]" *MARTA v. Leibowitz*, 264 Ga. 486, 487 (2) (448 SE2d 435) (1994). See also *Munroe v. Universal Health Services*, 277 Ga. 861, 866 (3) (596 SE2d 604) (2004).

*Issue on which the Court of Appeals was equally divided resolved and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming*, District Attorney, *Leonora Grant, Barbara B. Conroy*, Assistant District Attorneys, for appellee.