## A07A1776. CLARK v. THE STATE.

(679 SE2d 828)

SMITH, Presiding Judge.

In *Clark v. State*, 284 Ga. 354 (667 SE2d 37) (2008), the Supreme Court of Georgia remanded our unreported decision in *Clark v. State* (Case No. A07A1776; decided March 27, 2008), after resolving the issue on which this court was equally divided. The Supreme Court concluded that the trial court did not commit reversible error in permitting the victim's written statements to go out with the jury, and remanded the case to this court for consideration of Clark's remaining enumeration of error. *Clark*, supra, 284 Ga. at 356. Accordingly, we vacate our prior opinion as to Division 1, adopt the opinion of the Supreme Court as our own, and now consider Clark's remaining claim of error. For the following reasons, we affirm.

As set forth in our first opinion, and viewed to support the verdict, the evidence is as follows:

> The victim, and only witness to the crime, testified that during his night shift at the front desk of a Comfort Suites Hotel, Clark rang the hotel's front door bell. The victim recognized Clark as one of the hotel's maintenance men and let him in to use the restroom. As Clark walked toward the restroom, the victim went back behind the front desk. Clark then came through the front desk door, pulled out a gun, and demanded money from the cash drawer. After the victim gave Clark the money from the drawer, Clark gave the victim $90 and provided him with a "phony description" to give to police. He then threatened to kill the victim if the victim identified him to police. Clark walked out the door and drove away in a late model vehicle "similar to a Toyota or a Honda Accord." After Clark left, the victim called a co-worker and then the police.

Clark contends that he is entitled to a new trial because the trial court instructed the jury on the entire armed robbery statute when he was indicted for committing the crime by only one method.

> If a trial court gives a jury charge on an entire Code section that specifies that a crime may be committed by more than one method, and if the indictment alleges that the defendant committed the crime by only one method, the deviation violates due process, unless: (a) a limiting instruction is given; or (b) under the evidence, there is no reasonable possibility that the jury convicted the defendant of the

commission of the crime in a manner not charged in the indictment.

(Citation and punctuation omitted.) *Goss v. State*, 289 Ga. App. 734, 737 (2) (658 SE2d 168) (2008).

Clark was charged with armed robbery "by the use of a handgun, the same being an offensive weapon." The trial court instructed the jury on the entire section of OCGA § 16-8-41 (a), which provides that armed robbery could be committed "by the use of an offensive weapon, or any replica, article or device having the appearance of such weapon." The court instructed further that "the character of the weapon can be established by direct and circumstantial evidence," and that "[t]he burden of proof rests on the State to prove beyond a reasonable doubt the identity of this defendant as the person who committed the crime alleged in the bill of indictment."

Clark argues that the trial court's instructions, coupled with the victim's "uncertain and vague descriptions of th[e] 'gun,'" created the possibility that the jury convicted him of using a replica rather than a handgun as charged in the indictment. But here, the victim testified that Clark had a "black handgun" that looked similar to an officer's gun. And no evidence was presented that Clark used a replica. Under these circumstances, although the trial court did not direct the jury to consider only whether Clark committed the offense charged in the indictment, there was no probability that the jury found Clark guilty of committing the crime of armed robbery in a manner not charged in the indictment. See *Palmer v. State*, 286 Ga. App. 751, 755 (5) (a) (650 SE2d 255) (2007) (no evidence that pellet gun used as offensive weapon was replica); *Head v. State*, 279 Ga. App. 608, 610 (2) (631 SE2d 808) (2006) (eyewitnesses testified that robber had a handgun); see also *Heath v. State*, 291 Ga. App. 594, 597 (5) (662 SE2d 362) (2008).

*Judgment affirmed. Miller, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Barnes, Ellington, Phipps, Mikell, Adams, Bernes, and Doyle, JJ., concur.*

DECIDED JUNE 10, 2009.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.