**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 8, 2018**

# In the Court of Appeals of Georgia

A17A1818. ROSS v. STATE.

BRANCH, Judge.

A jury found Brandon Ross guilty of burglary, six counts of aggravated assault, and seven counts of possession of a firearm during the commission of a crime. In his sole enumeration of error, Ross argues that his right to a fair trial was violated when the court allowed the jury to replay his taped statement in the jury room during deliberations. We agree and conclude that the error was not harmless.

The facts, as stated in our earlier unpublished opinion,[1] show the following:

---

[1] In an earlier appeal, the record did not include Ross's taped statement, and we remanded the case with direction that the taped statement or a reasonable substitute be made a part of the record. *Ross v. State*, (Case No. A16A1878, decided January 19, 2017). A video recording has now been provided.

[O]n June 29, 2010, two or three masked men with handguns kicked in the front door and entered the victims' apartment and began shooting, striking one of the victims. A shoe print from a Converse tennis shoe found in sandy ground near the apartment matched shoes belonging to Ross. In addition, a gold Oldsmobile Alero belonging to Ross's mother and loaned to Ross on the night of June 29, 2010, was found in a parking lot behind the apartment complex. A black ski cap and cell phone were found in the mother's car, and the cell phone had text messages referring to a robbery. Ross had called a friend that evening to report that his mother's car had broken down at an apartment complex and he needed a jump. However, none of the victims were able to identify Ross as one of the intruders, and the record shows that Ross is significantly taller than the height described by one of the victims. In addition, although the perpetrators were described as dark silhouettes, Ross was seen shortly after the incident wearing a white tank top and basketball shorts.

A criminal investigator with the sheriff's office interviewed Ross regarding the home invasion. After initially denying involvement, Ross admitted knowing about a plan to rob one of the victims and told investigators he loaned his mother's gold Oldsmobile to individuals who were going to drive to the home invasion. His statement was video recorded, and a [one-hour-long] portion of the recording was played for the jury during trial.

During deliberations, the jury requested "a DVD player or recorder or transcript of the interview that was taped with the defendant." Ross objected to the replay. The trial court ruled that the jury could re-watch the taped statement. The jury then asked the court

2

if it could watch the taped statement in the jury room so it could deliberate during the viewing. The trial court ruled that the bailiff could operate the video recording machine in the jury room, but could have no communications with the jury during the process. The bailiff's job was simply to start and stop the recording; he was not to rewind and replay the recording. Ross's attorney informed the court that he did not have any objection to the procedure, but reiterated his general objection to replaying the recording. After the bailiff played the video in the jury room, the trial judge and prosecutor questioned him regarding his communication with the jury. Ross's counsel stated he was satisfied that the bailiff did not have any improper communication with the jury.

The trial court denied Ross's motion for new trial, including on the issue of whether the court violated the continuing-witness rule when the jury was allowed to re-hear Ross's statement during its deliberations. On appeal, Ross argues that his videotaped statement should not have been replayed for the jury in the jury room. According to Ross, replaying his taped statement constituted reversible error, violated the continuing witness rule, and placed undue emphasis on the contents of the statement.

1. The State contends that Ross waived any objection to the replaying because his attorney agreed to the procedure employed by the trial court. But in the earlier appeal, this Court considered this question and held that Ross did not waive his

3

argument regarding the appropriateness of replaying his taped statement in the jury room. Our decision is law of the case. See OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be").

2. It is well-settled in Georgia that "it is error to allow a jury to take written or recorded statements into the jury room during deliberations unless those statements are consistent with the defendant's theory of the case." *Fields v. State*, 266 Ga. 241, 243 (2) (466 SE2d 202) (1996). The "continuing witness" rule is meant to prevent a jury from placing undue emphasis on written testimony that was read to the jury:

> In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.

*Tibbs v. Tibbs*, 257 Ga. 370, 370 (359 SE2d 674) (1987) (citation omitted); see also *Hinton v. State*, 233 Ga.App. 213 (1) (504 SE2d 49) (1998). The continuing witness

4

rule has been applied to recordings as well as writings, including recordings of a defendant's statement to the authorities. See *Fields*, 266 Ga. at 243 (2).

In *Fields*, the defendant made a statement to the police admitting taking part in a burglary and shooting the victim. *Fields*, 266 Ga. at 242. On the stand, however, although the defendant again admitted the burglary, he denied shooting the victim. Id. During deliberations, the trial court allowed the recorded statement and a tape player to go out with the jury. Id. at 243 (2). On appeal, the Supreme Court held that the trial court erred because the recording was inconsistent with the defendant's theory of the case but that the error was harmless for other reasons. Id. In a similar case, the defendant gave a taped statement to a deputy at the time of his arrest in which he admitted that he meant to shoot his brother. *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). At trial, however, the defendant testified that the shooting was an accident. Id. at 631. On appeal, the Supreme Court held that although the trial court was authorized to permit the jury to rehear the tape recording in open

5

court,[2] the trial court erred in allowing the taped statement to go to the jury room over objection. Id. Even so, the Supreme Court found the error harmless. Id. See also *Summage v. State*, 248 Ga. App. 559, 561 (1) (546 SE2d 910) (2001) (trial court erred by allowing jury to replay victim's videotaped interview in the jury room during its deliberations over objection of defense counsel and error was not harmless); *Nixon v. State*, 234 Ga. App. 797, 799 (1) (507 SE2d 833) (1998) (trial court erred in allowing a tape player and the recorded statements and transcripts of two child victims and to go out with the jury but error was harmless).

Here, Ross did not testify, but his one-hour statement was played in full to the jury during the trial. The court then allowed the jury to replay the statement during deliberations and allowed the jury to stop (but not rewind) the video from time to time to discuss the significance of various aspects of the interrogation. Thus, under *Fields and Owens*, the court erred unless the statement was consistent with Ross's theory of defense. The Supreme Court has stated that "[w]hether the written testimony is

---

[2] Compare *Clark v. State*, 296 Ga. 543, 549 (4) (769 SE2d 376) (2015) ("The rule has no application to the replaying of recorded statements during the examination of witnesses, during closing arguments, or in the courtroom at the jury's request during deliberations."); *Lopez v. State*, 291 Ga. App. 210, 214 (3) (661 SE2d 618) (2008) ("[T]he continuing witness rule does not apply where . . . the videotape was replayed to the jury a single time 'in a controlled environment, the courtroom, with all parties and the trial judge present.'" (citation omitted)).

6

consistent with the theory of the defense depends upon whether it is advantageous to the defendant, and whether and how defense counsel utilizes that evidence." *Clark v. State*, 284 Ga. 354, 355 (667 SE2d 37) (2008) (citations omitted).

Ross's defense was that he was not involved in the crimes, and evidence was presented that he was wearing a white undershirt and basketball shorts that night, not black clothing and a mask as described by the victim, as well as evidence that investigators did not determine whether any hair or blood found at the scene matched Ross's. See generally *Lane v. State*, 247 Ga. 19, 21 (4) (273 SE2d 397) (1981) (where the defendant does not testify, his theory of defense may be gleaned in part from defense counsel's cross-examination of the state's witnesses).

In the interrogation, Ross began by asserting that he had an alibi in that he went to a store with a friend; was dropped off by his friend who took the car; walked to a gas station to meet a girl who never showed up; learned from his friend that the car had broken down; and later went to retrieve the car. And Ross insisted repeatedly that he was never at the scene of the crime and had no motivation to rob the victim. But in the course of the one-hour, video-recorded statement, Ross slowly began to admit that he had played a larger role such that, by the end of the interrogation, Ross

7

essentially had admitted being a party to the crime.[3] We therefore conclude that the video-recorded statement was not advantageous to the defense and thus not consistent with Ross's defense.

The State argues that any error in replaying Ross's recorded statement in the jury room was harmless for two reasons: because the trial court created a reasonable procedure for the video replay; and because the evidence against Ross was overwhelming. See *Fields*, 266 Ga. at 243-244 (2) (error harmless where other evidence against the defendant is overwhelming and it is highly probable that the replaying did not contribute to the verdict); *Owens*, 248 Ga. at 631-632 (same). But we find no support in the law for a trial court to define a procedure to be used in the jury room in order to control the harmful effects of a violation of the continuing witness rule. Further, although a jury may rehear evidence in open court as shown above, the statement at issue was played in the jury room, and these jurors were

---

[3] Over twenty minutes into the interrogation, he admitted that his friend said "he got a lick," that is, a robbery. About 15 minutes later, Ross admitted leaving his cell phone in the car and telling his friend to "go for what you know." Next he admitted that he knew his friend was going to rob someone, that he left his cell phone with the friend in case "something went wrong," and that he learned after the crime that shots had been fired. Forty-seven minutes into the interrogation, Ross admitted that he knew in advance the name and address of the intended victim and that he told his friend to "hit the lick."

allowed to stop and start the video, thereby allowing the jury to place great emphasis on the video. Also, as we stated in the earlier appeal in this case, the victim was unable to identify the robbers, "[t]he strongest piece of evidence connecting Ross to the apartment shooting was his recorded statement, and the jury entered a verdict shortly after re-watching the taped statement in the jury room." *Ross*, supra. We therefore conclude that the other evidence against Ross was not overwhelming and that a reversal is required.

*Judgment reversed. McFadden, P. J., concurs. Bethel, J., concurs fully and specially.*

9

A17A1818. ROSS v. STATE.

BETHEL, Judge concurring fully and specially.

I concur fully in the opinion of the court and write separately for the sole purpose of encouraging best practices in our trial courts.

As can be gleaned from the opinion of the court, it is improper, ill-advised, and unwise to send an audio or video recording to the jury room *to be played during deliberation*. It appears that the "best case scenario" results in a finding of harmless error. That is still error and it should be avoided. Thus, it seems advisable that trial courts adopt a practice of limiting the replaying of such recordings to open court, if at all.